OPINION
This is an appeal from an order of the Juvenile Court awarding custody of a minor child to his father and denying the mother's petition for custody of the child.
Brandon G. Dryer was born to Appellant, Jessica Huffman, on April 16, 1995. The child's father is Appellee, Robert B. Dryer, Jr.
On July 3, 1997, Jessica[1] filed a petition, pro se
asking the Juvenile Court to award her legal custody of Brandon pursuant to R.C. 2151.23(A)(2). Robert filed a petition contra on August 1, 1997, asking the court to award custody of Brandon to him. The petitions were set for a pretrial conference before the magistrate to be held on August 25, 1997.
Robert appeared at the August 25, 1997 pretrial conference with retained counsel. Jessica appeared without counsel. She indicated to the court that she wished to retain counsel. Jessica and Robert agreed on shared interim custody and visitation. The agreed order was entered on September 17, 1997.
On December 10, 1997, the court appointed a guardian-ad-litem for the child. The guardian met with Jessica on February 2, 1998.
The guardian filed his report to the court on February 17, 1998, the day of trial. The guardian recommended shared parenting until Brandon reaches school age, if the parties agreed to certain essential terms. Failing that, he recommended that custody of Brandon he awarded to Robert, with Jessica awarded standard visitation.
Jessica appeared for trial on February 17, 1998, as yet unrepresented but in the company of her father. Jessica explained that she had met with an attorney two weeks earlier and expected that he would appear at trial to represent her. However, though she gave him "papers" to read, she had not paid him a retainer. She stated her belief that the matter of his fee would be worked out later. The magistrate rejected her expectation as unreasonable, explaining that attorneys expect to be paid.
Jessica asked the magistrate for a continuance to allow her to retain an attorney. Her father then addressed the court, stating: "I will make certain that the Court's time is not wasted and (sic) making sure that she does have counsel." (T. 10). Jessica also asked the magistrate to continue the current interim "shared" custody until the petitions were determined. The guardian-ad-litem cautioned against that arrangement, saying that the child "is bouncing back and forth a lot." (T. 17).
The magistrate inquired of Robert's counsel whether Robert would "consent to a continuance of some type of arrangement was worked out where your client had interim temporary custody?" (T. 10). Robert's attorney declined, stating that he was ready to go to trial and that Robert wished to proceed. (T. 14). The magistrate, noting that almost six months had passed since the petitions for custody were filed, overruled Jessica's motion for continuance and proceeded to a hearing on the merits of the petitions.
On November 3, 1998, the magistrate filed a decision awarding custody of Brandon to Robert. Jessica, who by then was represented, objected and filed a request for findings and conclusions. The court granted her request and remanded the case to the magistrate, who filed findings and conclusions on July 1, 1999. Jessica filed additional objections on August 16, 1999. Among those was an objection to the magistrate's order overruling the motion for continuance that Jessica made on the day of trial. Subsequently, the court overruled Jessica's objections and adopted and entered the magistrate's decision. Jessica filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT VIOLATED APPELLANT MOTHER'S DUE PROCESS RIGHTS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT MOTHER A REQUESTED CONTINUANCE AND CONDUCTED A FULL CUSTODY HEARING WITHOUT THE MOTHER BEING REPRESENTED BY AN ATTORNEY.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT HELD A PATENTLY UNFAIR HEARING AND PREJUDICED APPELLANT MOTHER WHEN IT ALLOWED AN ATTORNEY TO LEAD WITNESSES WITHOUT OBJECTION FROM THE UNREPRESENTED MOTHER.
The right to counsel for which Section 10, Article I of the Ohio Constitution and the Fifth and Sixth Amendments to the United States Constitution provide does not extend to civil proceedings.Cope v. Campbell (1964), 175 Ohio St. 475. A proceeding brought in juvenile court pursuant to R.C. 2151.23(A)(2) to determine the respective rights and responsibilities of natural parents regarding custody of their children, including place of residence and legal custodian, is a civil proceeding. Therefore, parties to that proceeding who appear unrepresented are not thereby deprived of a constitutional right when the court proceeds to hear evidence and enter a judgment on the relief sought.
Jessica argues that the right to counsel and the procedures guaranteeing that right for which Juv.R.4(A) and R.C. 2151.352
provide were violated when the court denied her motion for a continuance to obtain counsel. However, Juv.R.4(A) by its terms creates no constitutional right to counsel where none exists. R.C. 2151.352 applies to proceedings brought pursuant to R.C.2151.35 on claims of delinquency, abuse, or neglect. Those matters were not in issue on the petitions for custody that Jessica and Robert filed pursuant to R.C. 2151.23(A)(2).
Jessica also relies on State v. Unger (1981), 67 Ohio St.2d 65,In Re Bolden (1973), 37 Ohio App.2d 7, and other cases which involved denials of motions for continuance in cases in which a constitutional right to counsel exists. Again, to the extent that a constitutional right is implicated those cases are inapplicable here. However, the considerations they involve may provide some guidance in resolving the issue before us, which is whether the trial court abused its discretion when it overruled Jessica's objection to the magistrate's denial of the continuance she requested. An abuse of discretion involves more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
Juv.R. 23 states: "Continuances shall be granted only when imperative to secure fair treatment for the parties." The terms of the rule further the state's policy that juvenile court cases are to be heard and determined as expeditiously as possible.
Jessica's motion was made on the day of trial. Almost six months had passed since her petition and Robert's petition were filed. Jessica was aware of the trial date. Nevertheless, her efforts in the interim to obtain legal representation were desultory, at best. The magistrate and the court were not required to credit Jessica's stated belief that an attorney she had interviewed would appear to represent her absent a formal agreement or any trial preparation.
Robert, on the other hand, appeared at both the pretrial conference and the trial represented by counsel. His attorney opposed Jessica's motion, contending that he had prepared for trial and was ready to try the case. The guardian-ad-litem cautioned the court against the current "shared" interim custody that Jessica asked the court to also continue.
On the record before us, we cannot find that the trial court abused its discretion when it denied Jessica's motion. No doubt, she was impaired in supporting her claims when she was required to proceed unrepresented. The matters of which she complains in her second assignment of error demonstrate that. However, frustration
is not prejudice, and Jessica has not stated in her brief to this court what matters she was prevented from putting before the court because she was unrepresented.
Jessica does complain under her second assignment of error that the magistrate ignored evidence of domestic violence that Robert allegedly had committed against her in times past. Those are very serious matters. However, the record shows that she explained them in her testimony. She was not impaired by lack of representation in bringing them to the magistrate's attention, which is the actual subject of the error she assigns. We do not believe that the magistrate failed to credit them merely because Jessica was unrepresented.
On this record, the court could reasonably overrule Jessica's objection to the magistrate's order denying her motion for continuance. We find no abuse of discretion.
Therefore, the assignments of error are overruled and the judgment from which the appeal is taken will be affirmed.
 ______________________ GRADY, P.J.
BROGAN, J. and WOLFF, J., concur.
[1] For convenience, the parties are identified by their first names.